IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA**

    **vs.**                                                              Criminal Action 2:18-cr-058(7)
                                                                                              JUDGE ALGENON L. MARBLEY

**NKOSIYOXOXO MSUTHU**

## REPORT AND RECOMMENDATION

Defendant Nkosiyoxoxo Msuthu previously pleaded not guilty to an *Indictment* charging him with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count 1), five counts of concealment of money laundering in violation of 18 U.S.C. § 1956(a)(1) (Counts 27, 37, 39-41), and four counts of money laundering in violation of 18 U.S.C. § 1957 (Counts 55, 58, 61, 62). The *Indictment* also includes a forfeiture count. *Indictment*, ECF No. 23. The United States of America and defendant thereafter entered into a plea agreement, executed pursuant to the provisions of Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, whereby defendant agreed to enter a plea of guilty to the conspiracy charge in Count 1 of the *Indictment*.[1] On February 20, 2019, defendant, accompanied by his counsel and with the assistance of a Twi translator,[2] appeared for a change of plea proceeding. Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj,* 2001 WL 1587410 at *1 (6th Cir. 2001)(Magistrate Judge may

---

[1] Under the *Plea Agreement*, ECF No. 95, defendant agreed to forfeit $84,800.00, which represents the amount that he personally obtained in connection with Count 1, and to a restitution obligation – jointly and severally with his co-defendants – in the amount of $3,385,081.05. The *Plea Agreement* also includes an appellate waiver provision which preserves only certain claims for appeal. In the *Plea Agreement*, defendant, a citizen of South Africa, also acknowledged the immigration consequences of his guilty plea.

[2] Defendant agreed that he did not require a word-for-word translation from English to Twi but suggested that the translator be available to him only if needed. In fact, defendant consulted with the translator at a number of points during the change of plea proceeding.

1

accept a guilty plea with the express consent of the defendant and where no objection to the report and recommendation is filed).

During the plea proceeding, the undersigned observed the appearance and responsiveness of defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time he entered his guilty plea, defendant was in full possession of his faculties, was not suffering from any apparent physical or mental illness and was not under the influence of drugs or alcohol.

Prior to accepting defendant's plea, the undersigned addressed defendant personally and in open court and determined his competence to plead. Based on the observations of the undersigned, defendant understands the nature and meaning of the charges against him in the *Indictment* and the consequences of his plea of guilty to Count 1 of the *Indictment*. Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's plea is voluntary. Defendant acknowledged that the plea agreement signed by him, his attorney and the attorney for the United States and filed on January 10, 2019, represents the only promises made by anyone regarding the charges against him in the *Indictment*. Defendant was advised that the District Judge may accept or reject the plea agreement and that, even if the Court refuses to accept any provision of the plea agreement not binding on the Court, defendant may nevertheless not withdraw his guilty plea.

Defendant confirmed the accuracy of the statement of facts supporting the charge, which is attached to the *Plea Agreement*. He confirmed that he is pleading guilty to Count 1 of the *Indictment* because he is in fact guilty of the conspiracy offense charged in that count. The Court concludes that there is a factual basis for the plea.

The Court concludes that defendant's plea of guilty to Count 1 of the *Indictment* is knowingly and voluntarily made with understanding of

the nature and meaning of the charge and of the consequences of the plea.

It is therefore **RECOMMENDED** that defendant's guilty plea to Count 1 of the *Indictment* be accepted. Decision on acceptance or rejection of the plea agreement was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office. Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes. Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

February 20, 2019                      *s/ Norah McCann King*
 Date                                     Norah M<sup>c</sup>Cann King
                                             United States Magistrate Judge